UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
ANTHONY JOHN MENDEZ and
DOROTHY MAE MENDEZ,
        Debtors.                                No. 7-07-11092 SA

### MEMORANDUM OPINION ON DEBTORS' STATUS
### AS PREVAILING PARTIES UNDER
### THE EQUAL ACCESS TO JUSTICE ACT

        The sole issue decided in this memorandum opinion is whether
Debtors qualify as "prevailing parties" under the Equal Access to
Justice Act, 28 U.S.C. 2412, when the United States Trustee filed
a motion to dismiss their chapter 7 petition pursuant to 11
U.S.C. 707(b), withdrew the motion and then Debtors received
their chapter 7 discharge.  The Court concludes that Debtors are
"prevailing parties."

**Background**

        Debtors filed their chapter 7 petition on May 8, 2007.  Doc
1.  The United States Trustee ("UST") filed a Motion to Dismiss
under 11 U.S.C. 707(b) ("Motion") on July 23, 2007, doc 25, to
which Debtors objected.  Doc 32.  The UST on November 9, 2007
withdrew the Motion after the deadline had passed for filing
complaints to object to discharge, doc 38, and Debtors received
their discharge shortly thereafter.  Doc 39.

        This matter is now before the Court on Debtors' Application
for Attorney's Fees Pursuant to 28 U.S.C. 2412 of the Equal
Access to Justice Act ("EAJA") ("Application"), doc 41, which
seeks attorney fees for defending against the Motion.  The UST

filed a Response and Objection to the Application. Doc 46. At
the preliminary hearing on the Application the Court requested
briefs from the parties on the issue of whether Debtors were
"prevailing parties" under the EAJA; if they cannot obtain this
status the Court need not address the Application any further.
The parties filed briefs (UST, doc 54; Debtors, doc 56; UST
reply, doc 57). The Court has considered the briefs of the
parties and consulted relevant authorities, and finds that the
Debtors qualify as EAJA "prevailing parties." Therefore, Debtors
meet the first requirement of their claim, and the Court will
schedule a hearing on resolution of the remaining issues. This
is a core proceeding[1].

**Analysis**

As a general rule, in the United States litigants must pay
their own attorney fees in the absence of a statute providing
otherwise. Christiansburg Garment Co. v. Equal Employment
Opportunity Comm., 434 U.S. 412, 415 (1978)(citing Alyeska
Pipeline Co. v. Wilderness Society, 421 U.S. 240 (1975)).

---

[1] Objections to discharge are core proceedings. 28 U.S.C. §
157(b)(2)(J). A request for fees arising out of a core
proceeding is also a core proceeding. In re Chambers, 140 B.R.
233, 238 (N.D. Ill. 1992). Furthermore, the Debtors' Application
does not depend on state law for its resolution and it could not
have existed prior to the filing of this bankruptcy case. The
Application arose in the context of the bankruptcy proceeding and
is therefore core.

Case 07-11092-t7   Doc 59   Filed 09/26/08   Entered 09/26/08 10:15:11 Page 2 of 10

Congress has provided only limited exceptions to the general

rule. <u>Id.</u>

> Some of these statutes make fee awards mandatory for
> prevailing plaintiffs; others make awards permissive
> but limit them to certain parties, usually prevailing
> plaintiffs.  But many of the statutes are more
> flexible, authorizing the award of attorney's fees to
> either plaintiffs or defendants and entrusting the
> effectuation of the statutory policy to the discretion
> of the district courts.

<u>Id.</u> (Footnotes omitted.)

The EAJA Application in this case is based on the fee

shifting authorized by 28 U.S.C. 2412, which provides in part:

> (b) Unless expressly prohibited by statute, a court may
> award reasonable fees and expenses of attorneys, in
> addition to the costs which may be awarded pursuant to
> subsection (a), <u>to the prevailing party in any civil
> action brought by or against the United States or any
> agency or any official of the United States acting in
> his or her official capacity in any court having
> jurisdiction of such action</u>.  The United States shall
> be liable for such fees and expenses to the same extent
> that any other party would be liable under the common
> law or under the terms of any statute which
> specifically provides for such an award.
> ...
> (d)(1)(A) Except as otherwise specifically provided by
> statute, a court shall award <u>to a prevailing party</u>
> other than the United States fees and other expenses,
> in addition to any costs awarded pursuant to subsection
> (a), incurred by that party in any civil action (other
> than cases sounding in tort), including proceedings for
> judicial review of agency action, brought by or against
> the United States in any court having jurisdiction of
> that action, unless the court finds that the position
> of the United States was substantially justified or
> that special circumstances make an award unjust.
>
> (B) A party seeking an award of fees and other expenses
> shall, within thirty days of final judgment in the
> action, submit to the court an application for fees and
> other expenses which shows that the party is a

Case 07-11092-t7   Doc 59   Filed 09/26/08   Entered 09/26/08 10:15:11 Page 3 of 10

prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

(C) The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

(Emphasis added.)

To recover attorney fees under the EAJA a petitioner must satisfy four elements. First, petitioner must be the prevailing party in litigation subject to the court's jurisdiction. 28 U.S.C. § 2412(d)(1)(B); Comm'r Immigration & Naturalization Service v. Jean, 496 U.S. 154, 158 (1990); United States Securities and Exchange Comm. v. Zahareas, 374 F.3d 624, 626 (8th Cir. 2004).

Second, the Government's position in pursuing the litigation cannot have been substantially justified. 28 U.S.C. § 2412(d)(1)(B); Jean, 496 U.S. at 158; Zahareas, 374 F.3d at 626. To be substantially justified, the Government's position must have a "reasonable basis in both law and fact." Pierce v.

Case 07-11092-t7   Doc 59   Filed 09/26/08   Entered 09/26/08 10:15:11 Page 4 of 10

Underwood, 487 U.S. 552, 565 (1988). A loss on the merits does not itself render the Government's position not substantially justified. Zahareas, 374 F.3d at 626. The Government bears the burden of demonstrating the substantial justification of its position. See id. at 627 (citing Friends of Bounty Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995)). The substantial justification inquiry by the Court must focus on whether the government's position was "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. (Internal punctuation omitted.)

The third element under EAJA requires an applicant's motion for attorneys' fees and costs to be timely filed. 28 U.S.C. § 2412(d)(1)(B); Jean, at 158.[2] The fourth element under EAJA requires that no special circumstances exist that would render an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); Jean at 158.

The only issue currently before the Court is the first element, i.e., whether the Debtors are "prevailing parties." If they are, then the Court must consider whether the remaining issues of whether the UST's position was substantially justified or whether special circumstances make an award of fees unjust.

---

[2] The Motion was withdrawn on November 9, 2007, doc 38, the discharge issued November 15, 2007, doc 39, and the first iteration of the Application filed December 6, 2007, doc 41. No issue arises concerning the timeliness of the Application.

In that case, the Court would conduct an evidentiary hearing to

determine justification or special circumstances.

> Despite the United States Supreme Court's view that the
> term "prevailing party," recurrent in federal
> fee-shifting statutes, has a "rather clear meaning,"
> Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of
> Health & Human Res., 532 U.S. 598, 607, 121 S.Ct. 1835,
> 1841, 149 L.Ed.2d 855 (2001) (5-4 decision), courts
> have long struggled to define and apply the term in
> harmony with the intent of Congress.  To be sure, the
> term encompasses a party " 'in whose favor a judgment
> is rendered,' " id. at 603, 121 S.Ct. at 1839 (quoting
> Black's Law Dictionary 1145 (7th ed.1999)), or who "
> 'has prevailed on the merits of at least some of his
> claims,' " id. (quoting Hanrahan v. Hampton, 446 U.S.
> 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980)).
> However, "[t]he touchstone of the prevailing party
> inquiry must be the material alteration of the legal
> relationship of the parties in a manner which Congress
> sought to promote in the fee statute." Tex. State
> Teachers Ass'n v. Garland Indep. School Dist., 489 U.S.
> 782, 792-93, 109 S.Ct. 1486, 1494, 103 L.Ed.2d 866
> (1989); see also Buckhannon, 532 U.S. at 604, 121 S.Ct.
> at 1840 (citing Texas State Teachers Ass'n, 489 U.S. at
> 792-93, 109 S.Ct. at 1494).  In other words, "the
> plaintiff must be able to point to a resolution of the
> dispute which changes the legal relationship between
> itself and the defendant." Tex. State Teachers Ass'n,
> 489 U.S. at 792, 109 S.Ct. at 1493.

Martin v. Secretary of Army, 463 F.Supp.2d 287, 290-91 (N.D. N.Y.

2006).

Most cases dealing with fee shifting statutes deal with

plaintiffs as the prevailing party.  See, e.g., Buckhannon, 532

U.S. at 600:

> Numerous federal statutes allow courts to award
> attorney's fees and costs to the "prevailing party."
> The question presented here is whether this term
> includes a party that has failed to secure a judgment
> on the merits or a court-ordered consent decree, but
> has nonetheless achieved the desired result because the

Case 07-11092-t7    Doc 59    Filed 09/26/08    Entered 09/26/08 10:15:11 Page 6 of 10

lawsuit brought about a voluntary change in the
        defendant's conduct.  We hold that it does not.

Therefore, under Buckhannon, it would seem that the prevailing

party needs a "paper", either a judgment or a court-approved

consent decree, to establish his or her prevailing party status.

Of course, this paper simply evidences the "material alteration

of the legal relationship of the parties necessary to permit an

award of attorney's fees."  Id. at 604.  (Internal punctuation

omitted.)[3]

        The EAJA does not distinguish between plaintiffs or

defendants as "prevailing parties".  Nevertheless, were there any

doubt about it, many federal fee shifting statutes are available

to prevailing defendants as well.  Christiansburg Garment Co.,

434 U.S. at 416 and n.7.  (Civil Rights Act.)  Defendants will

often[4] lack a judgment or court-approved consent decree as their

"piece of paper."  The courts, therefore, have established an

additional standard for the award of attorney fees and costs to

prevailing defendants.

        Hence, a plaintiff should not be assessed his
        opponent's attorney's fees unless a court finds that

_____

        [3] To be clear, the "piece of paper" is not a literal
prerequisite to be a prevailing party.  The statute requires only
that applicant be a "prevailing party in any civil action brought
by or against the United States...."  For example, in these
circumstances were the UST to have withdrawn the Motion with
prejudice, Debtors would have become prevailing parties even
before the issuance of their discharge.

        [4] For example, in dismissed cases.

his claim was frivolous, unreasonable, or groundless,
or that the plaintiff continued to litigate after it
clearly became so.  And, needless to say, if a
plaintiff is found to have brought or continued such a
claim in <u>bad faith</u>, there will be an even stronger
basis for charging him with the attorney's fees
incurred by the defense.

<u>Christiansburg Garment Co.</u>, 434 U.S. at 422.  (Footnote omitted,

emphasis in original.)  <u>See also</u> <u>Equal Employment Opportunity</u>

<u>Comm. v. PVNF, L.L.C.</u>, 487 F.3d 790, 807 (10th Cir. 2007)

(Defendant entitled to fees if claim was frivolous, unreasonable,

or groundless, or that plaintiff continued to litigate after it

became so.)  Courts interpret the various federal fee-shifting

statutes consistently.  <u>Manning v. Astrue</u>, 510 F.3d 1246, 1250

n.5 (10th Cir. 2007).

The concept of prevailing party may be even more elusive in

the bankruptcy context.  The Debtor is a "person or municipality

concerning which a case under title 11 has been commenced", 11

U.S.C. § 101(13), by the filing of a "petition", 11 U.S.C. §

101(42).  As a general rule, the Debtor receives a discharge

absent certain behaviors.  11 U.S.C. § 727 ("The court shall

grant the debtor a discharge, unless ...") "Abuse" of the

provisions of Title 11 is one such behavior.  11 U.S.C. § 707(b).

By statute, the UST must monitor for this abuse, 11 U.S.C. §

704(b)(1)(A), and take steps to remedy it if found (or explain

why the office is not taking further action), 11 U.S.C. §

704(b)(2).  If the UST files a motion under 707(b), discharge is

delayed until resolution of the matter.  Fed.R.Bank.P.

4004(c)(1)(D).

In this case, however, the concept is not elusive.  The UST,
from his perspective, found abuse and took the required steps.
Then, when the UST withdrew his 707(b) motion, the Clerk could
and did enter Debtors' discharge (doc 39), which is their "piece
of paper."  The legal status between the parties changed: the UST
can no longer prevent the discharge of these Debtors and they
achieved the result they set out to get.  They prevailed.  The
Court disagrees with the UST that all he did was withdraw his
motion and thereby should escape all liability.

The Court also disagrees with the UST's position that
Debtor's opposition was merely the "catalyst" for the UST to
change his position.  See Buckhannon, 532 U.S. at 599:

> Numerous federal statutes allow courts to award
> attorney's fees and cost to the "prevailing party."
> The question presented here is whether this terms
> includes a party that has failed to secure a judgment
> on the merits or a court-ordered consent decree, but
> has nonetheless achieved the desired result because the
> lawsuit brought about a voluntary change in the
> defendant's conduct.  We hold that it does not.

See also Biodiversity Conservation Alliance v. United States

Forest Service, ___ F.3d ___, ___ (10th Cir. 2008).

Whether one views Debtors in this case as plaintiffs or as
defendants, the Court finds that they can easily be classified as
"prevailing parties."  See In re Terrill, 2006 WL 2385236 (Bankr.
N.D. Tx. 2006).

Page 9 of  10

The Court stresses that the only issue addressed in this memorandum opinion is whether Debtors are "prevailing parties" under EAJA.  Substantial questions still exist about whether "the position of the United States [Trustee] was substantially justified or that special circumstances make an award [of fees] unjust".  28 U.S.C. §2412(d)(1)(A).  For example, Debtors' assertion that the withdrawal of the Motion by itself constitutes an admission that the Motion was not substantially justified is simply incorrect.

The Court will set a further preliminary hearing on Debtors' Motion by separate notice.

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  September 26, 2008

copies to:

Dennis M Feld
PO Box 45116
Rio Rancho, NM 87174-5116

Leonard K Martinez-Metzgar
PO Box 608
Albuquerque, NM 87103-0608

Ronald Andazola
Assistant US Trustee
PO Box 608
Albuquerque, NM 87103-0608

Philip J. Montoya
Trustee
PO Box 159
Albuquerque, NM 87103