```
                    UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF NEW MEXICO
```

In re:
ANTHONY JOHN MENDEZ and
DOROTHY MAE MENDEZ,
    Debtors.                                      No. 7-07-11092 SA

**MEMORANDUM OPINION ON UNITED STATES TRUSTEE'S**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

This matter is before the Court on the United States Trustee's ("UST") Motion for Summary Judgment on Debtors' Request for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA")(the "Motion") (doc 66), Debtors' Response (doc 68), Debtors' Exhibits (doc 69) and the UST's Reply (doc 70). The court will grant the Motion. This is a core proceeding.

In an earlier Memorandum Opinion (doc 59), the Court addressed the preliminary issue of whether the Debtors could be considered "prevailing parties" such that the EAJA would be available to them. In that Memorandum Opinion the Court described the background facts, quoted the fee shifting statute found in the EAJA, and set out the four part test that a petitioner must satisfy to be awarded attorney fees. Familiarity with the earlier opinion is assumed and the Court will not reiterate. The Court then found that the Debtors could be considered "prevailing parties," which satisfied the first prong of the test. The Motion now before the Court is the UST's attempt to demonstrate that Debtors have failed to establish the other prongs of the test.

There are several relevant facts in addition to those set out in the earlier Memorandum. Debtors filed their Chapter 7 case on May 8, 2007. On May 18, 2007, the UST sent a letter to Debtors' attorney requesting the following documentation: 1) six months of pay advices for the debtors, 2) the most recent Federal tax return, 3) supporting documentation for a claimed monthly health care expense of $100.00 and a monthly charitable contribution of $25.00. The letter requested the documents by June 4, 2007. On June 4, 2007 the UST received the Debtors' 2006 tax return and payment advices for 3/4/07 and 5/12/07 only. Debtors' first meeting of creditors was held and concluded on June 14, 2007. On June 21, 2007 the UST filed a statement on the docket as follows: "Having reviewed the documents, if any, filed by the debtor and any additional documents provided to the United States Trustee, the United States Trustee is currently unable to determine whether the debtor's case would be presumed to be an abuse under Section 707(b) of the Bankruptcy Code." On an unknown date before July 18, 2007, Debtors transmitted additional payment advices to the UST, allowing a calculation of Debtors' income for the four months preceding the filing of the petition: January through April, 2007. Based on the available information, the UST recomputed the Form 22A, which now showed monthly disposable income of $463.53 and 60-month disposable income of

$27,811.73.[1] (Doc 25-2, Motion to Dismiss for Abuse, Exhibit B). On July 18, 2007, the UST filed a statement on the docket as follows: "The United States Trustee has reviewed all materials filed by the debtor and has determined that the debtor's case is presumed to be an abuse under Section 707(b)." On July 23, 2007 the UST filed the Motion to Dismiss under § 707(b)(2) and (3). (Doc 25). Mr. Mendez lost his job during October, 2007. The UST withdrew its Motion to Dismiss for Abuse on November 7, 2007. (Doc 38). On December 6, 2007, Debtors' attorney filed this Motion for fees under the EAJA.

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056(c). In determining the facts for summary judgment purposes, the Court may rely on affidavits made with personal knowledge that set forth specific facts otherwise admissible in evidence and sworn or certified copies of papers attached to the affidavits. Fed.R.Civ.P. 56(e). When a motion for summary judgment is made and supported by affidavits or other evidence, an adverse party may not rest upon mere allegations or denials. Id. The court does not try the case on competing affidavits or depositions; the court's function is only to

---

[1] Under 11 U.S.C. § 707(b)(2)(B)(iv)(II), 60-month disposable income over $10,950 indicates abuse.

Case 07-11092-t7    Doc 72    Filed 08/27/09    Entered 08/27/09 09:34:01 Page 3 of 8

determine if there is a genuine issue for trial.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

New Mexico LBR 7056-1 governs summary judgment motions.  It provides, in part:

> The memorandum in support of the motion shall set out as its opening a concise statement of all of the material facts as to which movant contends no genuine issue exists.  The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies.
>
> A memorandum in opposition to the motion shall contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and shall state the number of the movant's fact that is disputed.  All material facts set forth in the statement of the movant shall be deemed admitted unless specifically controverted.

The UST's Memorandum has a Statement of Undisputed Material Facts (which in future cases should be "numbered" per the LBR) with citations to the record.  The Memorandum attaches the affidavit of Michele Lombard, an employee of the UST, which in turn has three admissible exhibits attached to it.

Debtors' Response does not track the UST's Statement of Undisputed Material Facts, specifically admitting or denying each one.  Therefore, all material facts set forth in the UST's statement are deemed admitted.  Furthermore, Debtors' exhibits are not supported by an affidavit and are inadmissible hearsay. The Court will not consider them in the defense to the Motion.

Rather, Debtors' Response makes legal arguments: 1) that discovery has been stayed in this case and Debtors were hampered in their ability to respond to the UST's Motion, and 2) that the UST's statement of presumed abuse was untimely and therefore provided no basis for a 707(b) motion.

The Debtors' first argument is not well taken. Fed.R.Civ.P. 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

"The affidavit must include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." Dubai Islamic Bank v. Citibank, N.A., 126 F.Supp.2d 659, 665 (S.D. N.Y. 2000)(quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2nd Cir. 1994)). And, filing of the affidavit is an absolute prerequisite for making this argument. Boling v. Romer, 101 F.3d 1336, 1339 n.3 (10th Cir. 1996)(citing International Surplus Lines Ins. Co. v. Wyoming Coal Ref. Sys., Inc., 52 F.3d 901, 905 (10th Cir. 1995)). Debtors filed no affidavit in this case that would meet the Rule 56(f) requirements.

Page -5-

Case 07-11092-t7    Doc 72    Filed 08/27/09    Entered 08/27/09 09:34:01 Page 5 of 8

Debtors' second argument is also not well taken. It focuses on the timeliness of the Motion to Dismiss. Debtors argue that § 704(b)(1) establishes a 10-day deadline after the first meeting of creditors for the UST to file a statement of presumed abuse; unless the presumed abuse statement is filed the UST cannot file a motion under § 707(b) that is based on the presumption. The Court does not need to and may not address the merits of this argument at this time. The motion has been withdrawn and the Court may not issue an advisory opinion. However, the Court does note that this issue has not been decided in the Tenth Circuit and there is at least one case to the contrary. See In re Cadwallder, 2007 WL 1864154 at *6 (Bankr. S.D. Tex. 2007) ("[T]he Court believes that § 704(b) establishes a duty, but does not establish the penalty for failure to perform that duty, and therefore even if a U.S. Trustee failed to comply strictly with his § 704(b) duties, his motion to dismiss would not (merely for that reason) be time-barred.") Furthermore, the "majority" of bankruptcy courts that have addressed the issue have held that § 704(b)(2) does not impact motions brought under § 707(b)(1) or § 707(b)(3) which are not based on the presumption of abuse. In re Perrotta, 390 B.R. 26, 28-29 (Bankr. D. N.H. 2008). And, finally, the Court has seen no cases dealing with whether § 704(b)(1) is a jurisdictional requirement or whether it is more

Case 07-11092-t7    Doc 72    Filed 08/27/09    Entered 08/27/09 09:34:01 Page 6 of 8

in the nature of a statute of limitations which could be waived if not timely raised by the Debtor.

The real issue is whether the government's position in pursuing the litigation was substantially justified. 28 U.S.C. § 2412(d)(1)(B). The Court finds it was. The UST requested documents from the Debtors early in the case; not all were provided by the time of the creditors meeting. From what was provided, the Bankruptcy Analyst calculated income higher than reported and unallowable or unsubstantiated deductions on Form 22C.

> The U.S. Trustee had the authority and the duty to investigate to determine whether the debtor is abusing the bankruptcy system and whether grounds exist for opposing a discharge of her debts. 11 U.S.C. §§ 307, 343, 521(f), 521(h), 704(b)(2), 707(a), 707(b), 727(c)-(e), 1112(b)(4), 1112(e), 1116(1), 1116(7), 1224, 1307(c), & 1307(e); 28 U.S.C. § 586(a)(3); Stewart v. U.S. Trustee (In re Stewart), 215 B.R. 456 (10th Cir. BAP 1997); In re Young, 205 B.R. 894 (Bankr. W.D. Tenn. 1997); Neary v. Darby (In re Darby), 376 B.R. 534 (Bankr. E.D. Tex. 2007); Lightfoot v. Landry (In re Landry), 350 B.R. 51 (Bankr. E.D. La.2006).

In re Russell, 392 B.R. 315, 364 (Bankr. E.D. Tenn. 2008). Based on what the UST had, and based on the law as it existed (and still exists in New Mexico) the Court finds that the UST was substantially justified in bringing the § 707(b) motion, both under § 707(b)(2) (presumption of abuse) and § 707(b)(3) (totality of circumstances).

The Application for Attorney Fees pursuant to the EAJA (doc 41) should be denied. A separate Order will enter.

Page -7-

Case 07-11092-t7   Doc 72   Filed 08/27/09   Entered 08/27/09 09:34:01 Page 7 of 8

_(signature)_

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:   August 27, 2009

Copies to:

Dennis M Feld
PO Box 45116
Rio Rancho, NM 87174-5116

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608