UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
ANTHONY JOHN MENDEZ and
DOROTHY MAE MENDEZ,
    Debtors.                                No. 7-07-11092 SA

**MEMORANDUM OPINION ON MOTION TO RECONSIDER
ORDER GRANTING UNITED STATES TRUSTEE'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

This matter is before the Court on the Debtors' Motion to Reconsider Order Granting United States Trustee's ("UST") Motion for Summary Judgment (doc 75) and the UST's Response (doc 77). Debtors appear through their attorney Dennis Feld. The UST appears through its attorney Ronald Andazola. For the reasons set forth below, the Court finds that the Motion for Reconsideration should be denied.

**<u>DISCUSSION</u>**

> Neither the Federal Rules of Civil Procedure nor the
> Bankruptcy Rules recognize a motion for recon-
> sideration. <u>Dimeff v. Good (In re Good)</u>, 281 B.R. 689,
> 699 (10th Cir. BAP 2002). Although, when filed
> [m]otions for "reconsideration" of a judgment should be
> treated as motions to alter or amend judgment under
> Rule 59(e) F.R.C.P., made applicable to bankruptcy by
> Rule 9023 Fed.R.Bankr.P. Under those rules, a party
> seeking to alter or vacate a judgment has 10 days from
> entry of the judgment to file a motion for such relief.
> Such motions will only be granted if there has been a
> mistake of law or fact or there is newly discovered
> evidence not previously available.

<u>In re Bushman</u>, 311 B.R. 91, 95 n.5 (Bankr. D. Utah 2004). Relief may also be available under Rule 59(e) if there has been an intervening change in the controlling law. <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994). The

motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Dale & Selby Superette & Deli v. U.S. Dept. of Agriculture, 838 F. Supp. 1346, 1347 (D. Minn. 1993)(citation omitted.) A party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Abyar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997), cert. denied, 522 U.S. 1078 (1998).

Debtors' Motion does not allege mistake of fact or newly discovered evidence or an intervening change in the law. Rather, it is based on two claimed mistakes of law. The first is that the Court erred by excluding unauthenticated exhibits attached to the Debtors' response to the Motion for Summary Judgment. The second is that the Court should have based its summary judgment ruling on the entire record of the case rather than just the UST's summary judgment motion and attached exhibits.

The first argument is that the exhibits Debtors submitted in response to the motion for summary judgment were attached to a pleading signed by the attorney and that this is the equivalent of or better than an affidavit. Debtors cite no authority for this proposition. And, the Court disagrees. First, this theory contradicts the plain language of Bankruptcy Rule 7056(e)(2):

> (2) Opposing Party's Obligation to Respond. When a
> motion for summary judgment is properly made and
> supported, an opposing party may not rely merely on
> allegations or denials in its own pleading; rather, its
> response must--by affidavits or as otherwise provided
> in this rule--set out specific facts showing a genuine
> issue for trial. If the opposing party does not so
> respond, summary judgment should, if appropriate, be
> entered against that party.

The rule requires a response, by affidavit "or as otherwise provided" by the rule. Merely signing a pleading as the attorney is not an alternative way provided by the rule.

Secondly, there are cases specifically to the contrary. See, e.g. Exeter Bankcorporation, Inc. v. Kemper Securities Group, Inc., 58 F.3d 1306, 1312 n.5 (8th Cir. 1995)(Statements of counsel are not evidence and do not create issues of fact.); British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979)("The only statements we can find in the record that the crash was caused by a defective fin attachment fitting were made by counsel for BOAC. But legal memoranda and oral argument are not evidence, and they cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion where no dispute otherwise exists.")(Citation omitted.).

Finally, the general rule is that unauthenticated documents cannot be considered in a motion for summary judgment.

> It is well settled that only admissible evidence may be
> considered by the trial court in ruling on a motion for
> summary judgment. Fed.R.Civ.P. 56(e). Hollingsworth
> Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335

>n. 9 (9th Cir.1980)(<u>citing</u> <u>United States v. Dibble</u>, 429
> F.2d 598, 601-02 (9th Cir.1970). ... Federal Rule of
> Evidence 901(a) requires "authentication or
> identification as a condition precedent to
> admissibility." Thus, before evidence may be admitted,
> a foundation must be laid "by evidence sufficient to
> support a finding that the matter in question is what
> its proponent claims." Fed.R.Evid. 901(a). We have
> repeatedly held that "documents which have not had a
> proper foundation laid to authenticate them cannot
> support a motion for summary judgment." <u>Canada v.
> Blain's Helicopters, Inc.</u>, 831 F.2d 920, 925 (9th
> Cir.1987).

<u>Beyene v. Coleman Security Services, Inc.</u>, 854 F.2d 1179, 1181-82 (9th Cir. 1988). Therefore, the first claimed legal error does not warrant reconsideration.

The second claimed error is that the Court should have based its summary judgment ruling on the entire record of the case rather than just the UST's summary judgment motion and attached exhibits. Debtors argument is as follows: after the UST filed its Motion to Dismiss under § 707(b) the Debtors filed a response that alleged certain facts; the UST did not file a reply, so the facts alleged in the response should be deemed admitted; if the Court had considered those facts as part of the entire record it would have known that there was a genuine issue of material fact such that the UST's motion for summary judgment on the EAJA claim should not have been granted.

The Court has several responses. First, the Court has no duty to search the entire record to establish that it is bereft of a genuine issue of material fact. <u>Street v. J.C. Bradford &</u>

Case 07-11092-t7    Doc 84    Filed 03/22/10    Entered 03/22/10 16:48:34 Page 4 of 7

Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989)(citing Frito-Lay, Inc. v. Willoughby, 863 F.2d 1029, 1034 (D.C. Cir. 1988)); Downes v. Beach, 587 F.2d 469, 472 (10th Cir. 1978):

> While the trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion, it is not required to consider what the parties fail to point out.
> We simply decline to place upon the court the litigant's burden of bringing to the court's attention the existence of a factual dispute. The party who has the most to lose if no genuine factual controversy is found is in the best position to demonstrate the existence of a dispute. If the party opposing the motion decides to forego submitting proof that a relevant factual dispute exists, he does so at his peril.
> The method by which the relevant facts are called to the court's attention is not rigid. It may be done by affidavit, reference to particular sworn testimony in a trial transcript, or by similar procedures. Whatever procedure is employed, it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without relying on the trial court's memory of prior proceedings and without depending on the trial court to conduct its own search of the record.

(Footnote omitted.) Furthermore, NM LBR 7056-1 squarely puts the burden on the objecting party to identify disputed facts with specificity and "refer with particularity to those portions of the record upon which the opposing party relies."

Second, Debtors argument is, essentially, that they were relying on their response to establish a fact issue. This is specifically prohibited by Rule 56(e)(2):

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its

response must--by affidavits or as otherwise provided
in this rule--set out specific facts showing a genuine
issue for trial. If the opposing party does not so
respond, summary judgment should, if appropriate, be
entered against that party.

Finally, Debtors have provided no legal support for the proposition that facts alleged in a response to a motion will be deemed admitted unless the movant files a reply. The Court has also found no support for this proposition.

A motion to dismiss a case under Section 707(b) is a contested matter governed by Bankruptcy Rule 9014. See Bankruptcy Rule 1017(f)(1); In re Khachikyan, 335 B.R. 121, 125 (9th Cir. BAP 2005). Under Bankruptcy Rule 9014(a), no response to the motion commencing the contested matter is required unless the Court so orders. Bankruptcy Rule 9014(c) contains a list of other rules that apply to contested matters. Notably, Bankruptcy Rule 7008 does not apply. Bankruptcy Rule 7008 states that Federal Rule of Civil Procedure 8 applies in adversary proceedings. Federal Rule of Civil Procedure 8(b)(6) deals with the effect of failing to deny an allegation[1]. But, that rule is

---

[1] "Rule 8(b)(6), formerly Rule 8(d), makes it clear that an admission by failure to deny only applies to averments in those pleadings to which a responsive pleading is required.... [A]verments contained in a pleading to which no response is required or permitted are deemed denied and at issue automatically without the necessity of a denial." 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1279 (3d ed.). See also, e.g., Xiong v. State of Wisconsin Dept. of Employee Trust Fund, 2007 WL 5658908 at *1 (W.D. Wis. 2007)("[I]t is not necessary for plaintiff to respond to defendant's answer. Indeed, Fed.R.Civ.P.
(continued...)

Case 07-11092-t7    Doc 84    Filed 03/22/10    Entered 03/22/10 16:48:34 Page 6 of 7

not applicable in this case.  And, there is no other rule that requires the movant to file a reply to a response to a motion. Therefore, the Court will not deem the facts alleged in Debtors' response to the Section 707(b) motion to be deemed admitted.

**CONCLUSION**

The Court finds that it committed no error of law in granting the UST's Motion for Summary Judgment.  The Motion for Reconsideration is not well taken and will be denied.

_(signature)_

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  March 22, 2010

Copies to:

Dennis M Feld
PO Box 45116
Rio Rancho, NM 87174-5116

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

---

[1](...continued)
7(a) forbids a plaintiff to submit a reply to an answer unless the court directs a reply to be filed. ... According to Fed.R.Civ.P. 8(d), averments in pleadings to which a response is not allowed are assumed to be denied."